MONROE, C. J.
Philip T. Smith brought this suit in his own name, alleging that he and his wife were guests at a hotel, kept in this state by defendant, and that she was subjected to an attack of ptomaine poisoning, made seriously ill and permanently injured, by reason of partaking of a certain dish of hog’s head cheese which was furnished by defendant, and was unwholesome and negligently handled, and that the damage sustain-' ed by her amounts to $1,000, for which he prays judgment, for her benefit. He alleges that he has been damaged by reason of the anxiety, inconvenience, and expense to which he has been subjected by the illness and suffering of his wife, and be fixes the amount at “approximately” $500, for which, also, he prays judgment.
An exception of no cause of action, leveled at the claim on behalf of the wife, as thus set up by the husband, was sustained, and no appeal was taken from that judgment. The ■wife then filed, in the same proceeding, wbat is called a supplemental and amended petition, setting up her claim and praying for judgment thereon, which defendant moved to strike from the record, but the motion was overruled, and an answer was then filed, after which there was a trial and a judgment rejecting plaintiffs’ demands, and they have appealed from that judgment. The Court of Appeal reversed the judgment overruling the motion to strike out, saying:
“She [the wife] was dismissed from it [the suit], and there is no law or rule of practice which would permit her to again come into it by amended petition, or by intervention, as the trial judge ruled. Entertaining these views eliminates Mrs. Smith from further consideration and renders it unnecessary for the court to pass upon the plea of prescription filed-by the defendant as to her claim for damages.”
The motion to strike out was, what, in our terminology, should, perhaps, be called an exception of misjoinder, and was properly sustained by the Court of Appeal. Act 68 of 1902 provides that:
“Damages resulting from personal injuries to the wife shall not form part of this community [of acquets and gains], but shall always be anil remain the separate property of the wife and recoverable by herself alone [save when death results].”
When, therefore, the district court correctly decided that the petition filed by the husband disclosed no cause of action as to the wife, and that she alone could sue for the recovery of the damages that she had sustained (and that judgment became final), she had no further concern with this suit, and could neither amend the petition, which was not her petition, nor intervene on her own account, since her’s was an independent cause of action, and the defendant was within his *107 rights in objecting to two persons suing him upon different causes of action in the same proceeding. There is therefore nothing here left for consideration save the claim of the husband, and, though it should be conceded that he would be entitled to recover the damages proved, he has not made the proof; the following answers, given by him under commission, being the only testimony tending in (hat direction, to wit:
“Interrogatory No. 4: State whether you have incurred any expense in connection with your wife’s illness; if so, what amount. Answer: Yes; I have incurred a great deal of expense, but do not remember the exact amount. Interrogatory 5: State whether your business affairs have been interfered with as a result of your wife’s illness; and, if so, how you were damaged thereby. Answer: Yes; my business affairs and plans were interfered with a great deal, as I am a member of a wholesale mercantile firm which requires my constant attention and causes me to do considerable traveling, and, on account of the worried condition over my wife’s health caused mo to change my mode of living and plans; and, in addition to the actual expense and doctor’s bills, caused by the unwholesome food which was served at The Oaks, I place my damages at $500.”
The allegation of his petition concerning the damage sustained by Mm is about in the language of the answer as thus given, save that it qualifies the amount of the damages said to have been sustained Dy the use of the word “approximately,” reading “approximately 500.”
Considering, then, the allegation of the petition together with the two answers of the plaintiff above quoted, constituting the whole testimony upon the point, it is evident that plaintiff is unable to fix the amount of the damages sustained by him; and, as he would, in no event, be entitled to recover for injury to his feelings in this ease, we are unable to fix the amount for him. As the Court of Appeal decided that its ruling on the motion to strike out eliminated Mrs. Smith from the case, as a person who had no right herein, it is evident that, in affirming the judgment appealed from, it. was not the intention to preclude her from hereafter bringing a suit upon the same cause of action, should she be so advised. Thus interpreting the judgment of the Court of Appeal, it is ordered that this application be dismissed, at the cost of the applicants.
LECHE, J., recused.